IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| SunBehm Gas, Inc., | ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND GRANTING MOTION TO DISMISS |
| Plaintiff, | |
| vs. | |
| Equinor Energy, LP, | Case No.: 1:19-cv-94 |
| Defendant. | |

Before the Court are defendant Equinor Energy, LP's Motion to Dismiss for Failure to State a Claim and plaintiff SunBehm Gas, Inc.'s Motion for Partial Summary Judgment. The Court grants the motion to dismiss and denies the motion for summary judgment because N.D.C.C. § 47-16-39.1 does not apply to the holders of overriding royalty interests.

**I.     Background**

SunBehm, a North Dakota corporation, owns overriding royalty interests in various oil and gas wells in McKenzie County, North Dakota. (Doc. No. 1-2, ¶ 1; Doc. No. 12-2, ¶¶ 1-2). Equinor, a Texas-based limited partnership, operates the wells. (Doc No. 1-2 at ¶ 2). Equinor commenced oil production at the various well sites in 2012, 2013, and 2014. Id. at ¶ 7. However, Equinor did not begin paying SunBehm for its overriding royalty interests until 2017. Id. at ¶ 8.

SunBehm made a demand for statutory interest pursuant to North Dakota Century Code § 47-16-39.1, after Equinor started paying royalties. Section 47-16-39.1 provides that if an operator fails to pay royalties to a mineral owner or their assignee within 150 days of the oil or gas being marketed, the operator owes interest on late payments at a rate of 18 percent per year.

1

N.D.C.C. § 47-16-39.1.  Equinor refused SunBehm's demand for statutory interest and this suit followed.

SunBehm filed a claim for statutory interest, attorneys' fees and costs in state court. (Doc. No. 1-2). Equinor removed the suit to federal court on June 3, 2019, invoking the Court's diversity jurisdiction. (Doc. No. 1).

On June 10, 2019, Equinor filed its Motion to Dismiss for Failure to State a Claim, contending that N.D.C.C. § 47-16-39.1 does not apply to SunBehm's overriding royalty interests. (Doc. No. 5).  SunBehm filed a Motion for Partial Summary Judgment on July 15, 2019, arguing facts regarding its overriding royalty interests are undisputed and that N.D.C.C. § 47-16-39.1 applies as a matter of law. (Doc. No. 12, 12-1). Both parties submitted their responses and replies and the matter is ripe for review. (Doc. Nos. 18, 24).

## II.     Standard of Review

### A.     Motion to Dismiss for Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted.  In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A complaint is sufficient if its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  The court must accept all factual allegations as true, except for legal conclusions or "formulaic recitation of the elements of a cause of action."  Id. at 681.  Dismissal will not be granted unless it appears beyond doubt the plaintiff can prove no set of facts entitling plaintiff to relief.  Ulrich v. Pop Cnty, 715 F.3d 1054, 1058 (8th Cir. 2013).

B.     **Summary Judgment**.

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law.  Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(c)(3). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party.  Id. The moving party bears the responsibility of informing the court of the basis for the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of material fact.  Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011).  If the movant does so, the non-moving party must submit evidentiary materials setting out specific facts showing a genuine issue for trial.  Id.

C.     **Substantive Law**

A federal court sitting in diversity applies the substantive law of the forum state.  Chew v. American Greetings Corp., 754 F.3d 632, 635 (8th Cir. 2014). When no state supreme court decision is directly on point, a federal court must predict how the state supreme court would decide the issue. Blankenship v. USA Truck, Inc., 601 F.3d 852, 856 (8th Cir. 2010); see also Chew, 754 F.3d at 635.

**III.    Analysis**

The relevant facts are undisputed. The legal disagreement is narrow: do the statutory interest requirements of N.D.C.C. § 47-16-39.1 apply to SunBehm's overriding royalty interests?

N.D.C.C. § 47-16-39.1 states in relevant part:

> If the operator under an oil and gas lease fails to pay *oil or gas royalties to the mineral owner or the mineral owner's assignee* within one hundred fifty days after oil or gas produced under the lease is marketed and cancellation of the lease is not sought or if the operator fails to pay oil or gas royalties to an unleased mineral interest owner within one hundred fifty days after oil or gas production is marketed from the unleased mineral interest owner's mineral interest, *the operator thereafter shall pay interest on the unpaid royalties*, without the requirement that the mineral owner or the mineral owner's assignee request the payment of interest, at the rate of eighteen percent per annum until paid. . .

N.D.C.C. § 47-16-39.1 (emphasis added). There is no North Dakota Supreme Court case specifically addressing the application of N.D.C.C. § 47-16-39.1 to overriding royalty interests.

Equinor argues that SunBehm, as a holder of overriding royalty interests, is not entitled to 18 percent interest under N.D.C.C. § 47-16-39.1 because SunBehm is not a "mineral owner" or "mineral owner's assignee." SunBehm bases its opposition on two arguments. First, it claims overriding royalty interests are a type of royalty interest. Second, it contends every royalty interest is "a smaller interest in a mineral estate," such that any holder of any royalty interest is a mineral owner's assignee.

The Court will address these claims separately below.

### A.   Whether Overriding Royalty Interests are a Type of Royalty Interest

Equinor argues that overriding royalty interests are distinct from other royalty interests and are not included in N.D.C.C. § 47-16-39.1. SunBehm contends that its overriding royalty interests are included in the statute.

#### 1.   Applicable Law

The primary purpose of statutory interpretation is to determine the intention of the legislation. Nelson v. Johnson, 778 N.W.2d 773, 777 (N.D. 2010). Words used in a statute are given their plain, ordinary, and commonly understood meaning unless defined by statute or

unless a contrary intention plainly appears. Nelson, 778 N.W.2d at 77, citing N.D.C.C. § 1–02–02.

North Dakota courts often use the term "royalty interest" without further elaboration, but the distinctions between various kinds of royalty interest are at the heart of this case. Three kinds of royalty interests are defined below.

**Landowner's Royalty**. The royalty interest held by a mineral owner is sometimes described as a "landowner's royalty," though often the unadorned term "royalty" is used. See Slawson v. N.D. Indus. Com'n, 339 N.W.2d 772, 776 and 778 (N.D. 1983) (discussing definitions of royalty interests, including landowner's royalties, and then going on to note that the "landowner's royalty is frequently 1/8th production"); see also 8 Williams & Meyers, Oil and Gas Law Scope (2019) (defining and discussing "royalty").

The landowner's royalty typically comes into play upon execution of a mineral lease. Under a conventional lease, the mineral owner retains a royalty interest for himself and conveys a working interest to the operator. Slawson, 339 N.W.2d at 776. Yet even unleased mineral owners hold royalty interests; the royalty interest "does not rise from the lease but from ownership of the minerals." Id. The royalty interest guarantees the mineral owner a share of production from the operator's activity under the lease. Id.; see also Acoma Oil Corp. v. Wilson, 471 N.W.2d 476, 481 (N.D. 1991).

**Nonparticipating Royalty**. If the mineral owner conveys his royalty interest to another person, the resulting interest is sometimes called a "nonparticipating royalty," though often referred to simply as a royalty. See 1 Williams & Meyers, Oil and Gas Law § 301 (2019) ("Royalty interests as defined here are also called nonparticipating royalties"); see also Yesel v.

Brandon, 867 N.W.2d 677, 681 (alternating between terms "royalty" and "nonparticipating royalty.")

The owner of a nonparticipating royalty does not have the right to develop the minerals, execute leases, or receive bonus and rentals; he or she is simply entitled to receive a share of any production. See 1 Williams & Meyers, Oil and Gas Law § 301 (2019); Yesel, 867 N.W.2d at 681-82. A nonparticipating royalty is "carved out of the mineral estate as a free royalty. . ." 8 Williams & Meyers, Williams & Meyers, Oil and Gas Law Scope (2019) (defining "nonparticipating royalty") (citing Bradshaw v. Steadfast Financial, LLC, 395 S.W.3d 348, 350 (Tex. App.—Ft. Worth 2013)); see also Yesel, 867 N.W.2d at 681 ("a royalty interest is a smaller interest in a mineral estate"); see also William P. Pearce, The North Dakota Supreme Court Deals with the Abandoned Minerals Act, 93 N.D. L. Rev. 355, 413 (2018) (noting that a nonparticipating royalty interest "does not exist independently from the mineral interest from which it was carved, since the royalty interest is only meaningful or valuable to the extent the mineral interest is meaningful or valuable.")

The landowner may convey the royalty under a specific lease or in perpetuity, in which case the royalty interest endures under all present and future leases. Corbett v. La Bere, 68 N.W.2d 211, 214 (N.D. 1955).

**Overriding Royalty**. Upon execution of an oil and gas lease with an operator, the mineral owner retains the owner's royalty interest, and conveys to the operator a working interest. Slawson 339 N.W.2d at 776. The working interest gives the operator the right to develop the minerals in and under the land. Armstrong v. Berco Resources, LLC, No. 4:10–cv–022, 2012 WL 1493738 at *8 (D.N.D. April 27, 2012).

An overriding royalty is carved out of the working interest created by an oil and gas lease. El Petron Enterprises, LLC v. Whiting Res. Corp., No. 1:16-CV-090, 2018 WL 1322391, at *3 (D.N.D. Mar. 14, 2018); Randall J. Bakke, P.C. v. Murex Petroleum Corp., No. 4:07CV86, 2008 WL 4937553, at *4 (D.N.D. Nov. 13, 2008), aff'd sub nom. Bakke v. Murex Petroleum Corp., 342 Fed. App'x 230 (8th Cir. 2009) (emphasis added). Since an overriding royalty springs from the working interest created by the lease, its duration is limited by the lease; it does not survive termination of the lease except in exceptional circumstances. Bakke, P.C., 2008 WL 4937553, at *4. "It is an interest in the lease out of which it is carved, and cannot be a property interest of greater dignity than the lease itself." Id (citing Olson v. Continental Resources, Inc., 109 P.2d 351 (Okla.2005)). Like other royalty interests, an overriding royalty interest gives its owner a right to a share of production. Slawson, 339 N.W.2d at 776.

### 2. Analysis

Both parties cite much of the above law, but with different results.

Equinor acknowledges that overriding royalty owners receive a portion of income from the production of oil and gas, but emphasizes that overriding royalty owners "do not have an ownership interest in the minerals under the ground." The Court agrees. The right to a landowner's royalty interest "does not rise from the lease, but from ownership of the minerals," Slawson, 339 N.W.2d at 776, while an overriding royalty interest springs from the lease itself, Bakke, 2008 WL 4937553 at *4.

SunBehm acknowledges that overriding royalty interests are carved out of leases and have different characteristics than landowner's royalty interests. Yet it contends that "all types of royalty interests are ultimately derived from the mineral estate," citing the following statement

from Acoma Oil Corp v. Wilson: "A royalty interest is a smaller interest in a mineral estate. . ." 471 N.W.2d at 481.

When placed in context, however, Acoma does not have the impact SunBehm suggests. The relevant sentence reads: "A royalty interest is a smaller interest in a mineral estate which is a share of the product or proceeds *reserved to the owner for permitting another to develop or use the property.*" Acoma, 471 N.W.2d at 481 (emphasis added). Clearly, the court in Acoma is referring to royalty interests held by mineral owners, not overriding royalty interests. Acoma is inapplicable to overriding royalty interests.

SunBehm also relies on the North Dakota Supreme Court case of Van Sickle v. Hallmark & Assocs., Inc., in which the court affirmed an award of interest under N.D.C.C. § 47-16-39.1 to holders of royalty interests. 2013 ND 218, ¶ 3, ¶ 37, 840 N.W.2d 92, 96, 105. Like Acoma, however, Van Sickle did not involve overriding royalty interests. The Van Sickle plaintiffs appear to have held nonparticipating royalty interests. Van Sickle 840 N.W.2d at 96, 105. Thus, both Acoma and Van Sickle are distinguishable from SunBehm's arguments.

SunBehm's contention that overriding royalty interests are a "type" of royalty interests, even if true, does not support SunBehm's claim. It is true as a matter of nomenclature that overriding royalty interests are a "type" of royalty interest; all royalty interests guarantee a share of production to the person that holds them. See 8 Williams & Meyers, Oil and Gas Law Scope (2019) (defining "royalty.") But overriding royalty interests differ from other royalty interests in critical ways. The right to a landowner royalty interest "rises from ownership of the minerals" and a nonparticipating royalty is "carved out of the mineral estate," whereas overriding royalties arise from a particular lease. Slawson, 339 N.W.2d at 776; 8 Williams & Meyers, Oil and Gas Law Scope (2019) (defining "nonparticipating royalty"); Bakke, P.C., 2008 WL 4937553, at *4.

The Court is not persuaded that N.D.C.C. § 47-16-39.1 applies to overriding royalty interest holders simply because overriding royalty interests are a type of royalty interests.

### B. Whether Holders of Overriding Royalty Interests are Mineral Owner's Assignees

SunBehm's second argument focuses on the next words of the statute.

> If the operator under an oil and gas lease fails to pay oil or gas royalties *to the mineral owner or the mineral owner's assignee* within one hundred fifty days after oil or gas produced under the lease. . .

N.D.C.C. § 47-16-39.1 (emphasis added). SunBehm admits it is not a mineral owner but claims to be a "mineral owner's assignee," such that N.D.C.C. § 47-16-39.1 applies.

#### 1. Law

The North Dakota Century Code defines a "mineral owner" as "any person or persons who presently own the mineral estate, their successors, assigns, or predecessors in title, under a specified tract of land by means of a mineral deed, or by an exception or reservation in the deed, grant, or conveyance of the surface, or by any other means whatsoever." N.D.C.C. § 38-18-05(6).

#### 2. Analysis

SunBehm argues the holders of overriding royalty interests are mineral owners' assignees because (again) royalty interests are smaller portions of mineral estates. SunBehm states:

> Equinor may argue that, because SunBehm's overriding royalty interests were carved out of a lease, rather than coming immediately from the mineral owner's estate, SunBehm is not a "mineral owner's assignee," but is instead an assignee of the lessee. However, this argument is only fleetingly helpful to Equinor because the lessee, by acquiring a working interest through the oil and gas lease, is also an assignee of the mineral owner. Therefore, any assignee of an interest carved out of the lease is also a "mineral owner's assignee…"

(Doc. No. 12-1, p. 9-10).

Equinor disagrees, arguing that SunBehm was never assigned actual ownership of the mineral estate.

The Court agrees with Equinor. The statutory text reads "if the operator . . . fails to pay oil or gas royalties to the mineral owner or the mineral owner's assignee. . ." SunBehm's interpretation would bend the phrase back on itself to say "if the operator fails to pay royalties to the mineral owner, or the mineral owner's assignee, including the operator himself and his assignees." Such tortured construction is not supported by the plain language of the statute.

Equinor's position limits the function of the phrase "mineral owner's assignee" to encompass only holders of landowner royalty interests and non-participating royalty interests. As described above, these interests are intrinsic to mineral ownership, whether they are held by the mineral owner or carved from the mineral estate and assigned to another person. SunBehm's position expands the phrase "mineral owner's assignee" to include holders of overriding royalty interests originating from and subordinate to the operator's lease. This interpretation goes farther than any North Dakota court has allowed. Equinor's position is more consistent with the interests involved, existing case law, and plain language of the statute.

## IV.   Conclusion

As matter of law, the Court finds that N.D.C.C. § 47-16-39.1 does not apply to holders of overriding royalty interests. SunBehm's Motion for Partial Summary Judgment is **DENIED** (Doc. No. 12). SunBehm's Motion for Hearing (Doc. No. 13) is moot. SunBehm cannot show an entitlement to relief and fails to state a claim upon which relief can be granted. Accordingly, Equinor's Motion to Dismiss is **GRANTED** (Doc. No. 5) and SunBehm's complaint is dismissed, with prejudice, as to all claims.

**IT IS SO ORDERED**.

Dated this 27th day of April, 2020.

>*/s/ Clare R. Hochhalter*
>Clare R. Hochhalter
>United States Magistrate Judge